Filed 9/26/12

# IN THE SUPREME COURT OF CALIFORNIA

In re W.B., JR., a Person Coming
Under the Juvenile Court Law.
_____

THE PEOPLE,

            Plaintiff and Respondent,

            v.

W.B., JR.,

            Defendant and Appellant.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

S181638

Ct.App. 4/2 E047368

Riverside County
(Super. Ct. No. RIJ114127)

## ORDER MODIFYING OPINION AND
## DENYING PETITION FOR REHEARING

THE COURT:

The majority opinion is modified as follows.

On page 55, footnote 14 in this case, filed on August 6, 2012, and appearing at 55 Cal.4th 30, is modified to read in its entirety:

"As W.B.'s counsel noted at oral argument, a child's Indian status cannot be finally confirmed without input from the tribes. (See § 224.1, subd. (a); 25 U.S.C. § 1903(4).) But this fact does not expand ICWA's duty of notice to all cases. Contact with the BIA and tribes is required only if information produced by the initial inquiry gives the court, social worker, or probation officer reason to know the minor is an Indian child. (§ 224.3, subd. (c).) Section 224.3 imposes a duty to inquire about possible Indian status; it does not obligate the court to confirm that status with the BIA and tribes in every juvenile court case."

This modification does not affect the judgment.

The petition for rehearing is denied.